Jason S. Brookner (Texas Bar No. 24033684)
Lydia R. Webb (Texas Bar No. 24083758)
Amber M. Carson (Texas Bar No. 24075610)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:      jbrookner@grayreed.com
            lwebb@grayreed.com
            acarson@grayreed.com

*Counsel to Jerry and Katie Kollar*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| TRICOLOR HOLDINGS, LLC, *et al.*, | § | Case No. 25-33487 (MVL) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |
| | § | |
| ANNE ELIZABETH BURNS, as Chapter 7 | § | |
| Trustee for Tricolor Holdings, LLC, *et al.*, | § | |
| | § | |
| Plaintiff, | § | Adversary No. 25-03126 (MVL) |
| | § | |
| v. | § | |
| | § | |
| Daniel Chu, Jerome Kollar, David Goodgame, | § | |
| and Ameryn Seibold, | § | |
| | § | |
| Defendants. | § | |
| | § | |

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

## JERRY AND KATIE KOLLAR'S EMERGENCY
## MOTION TO QUASH SUBPOENAS AND STAY DISCOVERY

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN FEBRUARY 19, 2026 AT 9:00 A.M. (PREVAILING CENTRAL TIME).**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Jerry Kollar ("Mr. Kollar"), a defendant in these proceedings and former employee of the above-captioned debtors (collectively, the "Debtors"), and Katie Kollar ("Mrs. Kollar"), a non-party to these proceedings, hereby file this emergency motion (the "Motion"), and respectfully state the following in support thereof:

### Relief Requested

1.     Mr. and Mrs. Kollar seek entry of an order, in substantially the form attached hereto as **Exhibit C** (the "Order"): (1) quashing the subpoenas issued by Mr. Daniel Chu ("Mr. Chu"), which seek to compel Mr. and Mrs. Kollar to sit for depositions; (2) staying discovery against Mr. and Mrs. Kollar in connection with the Adversary Proceeding (defined below); and (3) granting related relief.

### Jurisdiction and Venue

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and rules 7026 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4897-1658-3567

fav

## **Background**

5.      On September 10, 2025 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions under chapter 7 of the Bankruptcy Code, commencing the above-referenced bankruptcy case (the "<u>Bankruptcy Case</u>").  *See* Bankruptcy Case Docket No. 1.  On the same day, Anne Elizabeth Burns was appointed as the Debtors' chapter 7 trustee (the "<u>Trustee</u>").

6.      On December 16, 2025, the Department of Justice (the "<u>DOJ</u>") unsealed a detailed indictment, charging Mr. Chu and David Goodgame, the former Tricolor Chief Operating Officer ("<u>Mr. Goodgame</u>"), with several criminal charges and commencing the criminal proceeding captioned as *United States of America v. Daniel Chu and David Goodgame*, Cause No. 25 CR 579 (S.D.N.Y. 2025) (the "<u>Criminal Case</u>").  The DOJ also announced that Mr. Kollar has entered a plea agreement and that he is cooperating with the DOJ in the Criminal Case.

7.      On December 19, 2025, the Trustee filed the *Complaint* [Adversary Proceeding Docket No. 1] (the "<u>Complaint</u>") against Mr. Chu and Mr. Kollar, among others, commencing the above-captioned adversary proceeding (the "<u>Adversary Proceeding</u>").

8.      On January 10, 2026, the Trustee filed her *Emergency Motion for a Temporary Restraining Order and for a Preliminary Injunction Against Daniel Chu* [Adversary Proceeding Docket No. 6] (the "<u>TRO Motion</u>"), seeking entry of a temporary restraining order and preliminary injunction enjoining Mr. Chu from transferring, encumbering, or otherwise disposing of assets acquired or misappropriated from the Debtors, without further order of the Court, and requiring Mr. Chu to account for such assets to the Trustee.

9.      On January 23, 2026, Mr. Chu filed the *Notice of Intent to Serve Subpoena for Deposition and Request for Production of Documents of Jerome Kollar* [Adversary Proceeding

4897-1658-3567

Docket No. 19], commanding Mr. Kollar to appear for a deposition on February 6, 2026, and produce a wide range of documents and communications dating back to 2018.

10.    Over a week later, on February 2, 2026, Mr. Chu filed the *Notice of Intent to Serve Subpoena for Deposition and Request for Production of Documents of Katie Nutting Kollar* [Adversary Proceeding Docket No. 42], commanding Mrs. Kollar to appear for a deposition at the same time and place as Mr. Kollar and produce a similar set of documents and communications dating back to 2018.

11.    The document requests attached to the subpoenas sought (i) communications between Mr. and Mrs. Kollar and the DOJ, the U.S. Trustee, the FBI, and the United States Attorney's Office for the Southern District of New York;   (ii) communications with other Adversary Proceeding defendants, including Mr. Chu; (iii) communications with the Debtors' lenders or investors, including any false statements or information provided to same; (iv) documents and communications regarding compensation and benefits paid to the Debtors' executives; and (v) documents and communications regarding the double-pledging of collateral or other fraudulent or unlawful conduct by the Debtors' employees or directors and the concealment of same.  There is almost complete factual overlap between Mr. Chu's document requests issued "in connection with the [TRO Motion]" and the Grand Jury subpoena and the SEC's preservation letter issued in connection with the Criminal Case.  In light of the ongoing DOJ investigations and the substantial overlap of issues, undersigned counsel requested that Mr. Chu withdraw his subpoenas or Mr. and Mrs. Kollar would seek to quash.

12.    On February 4, 2026, the DOJ filed *The United States of America's Motion to Intervene and Stay Discovery* [Adversary Proceeding Docket No. 50] and *The United States of America's Brief in Support of its Motion to Intervene and Stay Discovery* [Adversary Proceeding

Docket No. 51] (collectively, the "Motion to Stay") requesting that the Court immediately stay the Adversary Proceeding until the conclusion of the Criminal Case.

13.    On February 5, 2026, counsel for Mr. Chu served modified subpoenas on the undersigned counsel, which are attached hereto as **Exhibits A and B** (collectively, the "Subpoenas"). The Subpoenas no longer seek the production of documents but command Mr. and Mrs. Kollar to appear and testify at depositions scheduled for February 19, 2026. On February 6, 2026, undersigned counsel accepted service of the Subpoenas.

### Basis for Relief

14.    Federal Rule of Civil Procedure 45(d)(3), made applicable to this Adversary Proceeding by Bankruptcy Rule 7016, states that on timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

> (i)  fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). Courts are provided with discretion to quash or modify a subpoena, as appropriate. *See Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 n.4 (5th Cir. 1994). The party seeking to quash a subpoena bears the burden to demonstrate that relief is warranted. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

15.    "Where the moving party asserts that the subpoenaed information is privileged or protected, the party must: (1) 'expressly make the claim; and' (2) 'describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.'" *Lee v.*

*City of Midland*, No. 7:22-cv-0185-BL, 2024 WL 4005960 at *5 (W.D. Tex. Jan. 22, 2024) (citing Fed. R. Civ. P. 45(e)(2)(A)(i)-(ii)).

16.     On a motion asserting undue burden, "[t]he moving party has the burden of proof to demonstrate 'that compliance with the subpoena would be unreasonable and oppressive.'" *Wiwa*, 392 F.3d at 818 (quoting *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (internal quotation marks omitted)).  Reasonableness is determined according to the facts of each case.  *Id.*  The moving party must submit affidavits or offer evidence revealing the nature of the burden.  *See Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("In order to satisfy its burden, the objecting party must make a specific, detailed showing of how a request is burdensome.").

**A.     The Court Should Quash the Subpoena as to Mr. Kollar Because it Violates the Jencks Act and Seeks to End Run Around the Federal Rules of Criminal Procedure**

17.     Mr. Kollar is a government witness cooperating in a federal criminal investigation.  It is likely that Mr. Kollar, the former Chief Financial Officer, will testify as a fact witness at trial in the Criminal Case against Mr. Chu and Mr. Goodgame.  Based on the document requests attached to the original subpoenas, Mr. Chu is seeking a wide swath of information from Mr. Kollar that is irrelevant to the TRO Motion but directly relevant to the Criminal Case.  The Court should quash Mr. Chu's subpoena as to Mr. Kollar, as it violates the Jencks Act and seeks to end run around the Federal Rules of Criminal Procedure (the "Criminal Rules").

*1.     Mr. Kollar's Deposition Is Foreclosed by the Jencks Act and Related Criminal Rules.*

18.     18 U.S.C. § 3500, commonly known as the Jencks Act, states that "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the

United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

19.     Criminal Rule 17(h) states that "[n]o party may subpoena a statement of a witness or of a prospective witness under this rule.  Rule 26.2 governs the production of the statement." Fed. R. Crim. P. 17(h).  Criminal Rule 26.2 states:

> after a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government … to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Fed. R. Crim P. 26.2(a).  As the Third Circuit explained in *United States v. Murphy*, 569 F.2d 771, 773 (3d Cir. 1978) *cert. denied*, 435 U.S. 955, 98 S.Ct. 1588, 55 L.Ed.2d 807 (1978):

> Congress was greatly concerned with the timing of surrender to defendants of the statements of government witnesses … [t]he blunt command of the statute together with the unequivocal legislative history has led to unbroken precedent in the Courts of Appeals denying to district courts the power to compel production of the statements of government witnesses until conclusion of direct examination at the trial.

In light of the foregoing, Mr. Chu would not be entitled to subpoena Mr. Kollar to take his testimony under oath in the Criminal Case prior to Mr. Kollar's direct examination at an evidentiary hearing or at a criminal trial.  As such, he should likewise be denied that ability in the Adversary Proceeding, where less stringent civil discovery rules control.

> *2.     Mr. Chu's Document Requests Indicate He Is Attempting to Use the Bankruptcy System to Circumvent the More Stringent Criminal Rules*

20.     The Fifth Circuit has unequivocally held that "[c]ivil and criminal proceedings are subject to different procedural rules; less restrictive civil discovery could undermine an ongoing criminal investigation and subsequent criminal case."  *In re Grand Jury Subpoena*, 866 F.3d 231, 234 (5th Cir. 2017) (citing *Campbell v. Eastland*, 307 F.2d 478, 488 (5th Cir. 1962)).  In such

proceedings, where both civil and criminal proceedings have been commenced based on the same or even simply related facts, the Fifth Circuit has directed courts to employ "judicial discretion and procedural flexibility" to "harmonize the conflicting rules and prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." *Id.* Most notably, "[i]t is not necessary that the movant for civil discovery specifically intend to circumvent the rules of criminal discovery: a movant with the 'purest of motives' would, in the event the civil case was allowed to proceed, gain access to materials otherwise unobtainable and, in so doing, potentially harm the related criminal investigation." *Id.* at 235.

21.     Mr. Chu stated in the deposition notices that the Subpoenas are being issued "in connection with the [TRO Motion,]" and thus fall within the scope of relevance for civil discovery.  Although Mr. Chu removed the document requests from the Subpoenas, the subject matter covered by the requests provide insight into the topics Mr. Chu intends to cover with Mr. Kollar at his deposition.  The almost complete factual overlap between (i) Mr. Chu's document requests and the Grand Jury subpoena and SEC Preservation Letter, and (ii) the Adversary Proceeding and the Criminal Case, means that any information Mr. Chu seeks will be directly related to the DOJ's ongoing investigations or the Criminal Case.

22.     As the Fifth Circuit cautioned in *Grand Jury Subpoena*, even if Mr. Chu had "the purest of motives" in seeking Mr. Kollar's deposition testimony, if the deposition were allowed to proceed, Mr Chu would "gain access to materials otherwise unobtainable and, in so doing, potentially harm the related criminal investigation."  866 F.3d at 235.  Mr. Chu's original document requests are an indication that he is seeking discovery that goes far beyond the scope of the TRO Motion and what he is entitled to from the DOJ's criminal discovery production pursuant to Criminal Rule 16.  Unless the Court quashes the Subpoenas, there is a significant risk

of harm to the government's ongoing criminal investigation, and Mr. Chu should not be allowed to circumvent the strict rules of criminal discovery.

> **B.      The Court Should Quash the Subpoena as to Mrs. Kollar Because It: (1) Requires Disclosure of Privileged or Other Protected Matter and (2) Subjects Mrs. Kollar to an Undue Burden as a Non-Party to this Proceeding.**

23.     Mrs. Kollar is not a party to this proceeding.  Indeed, Mrs. Kollar is not even mentioned in the Trustee's Complaint.  Despite this, Mr. Chu issued a subpoena commanding her to appear and testify at a deposition "in connection with the [TRO Motion.]"  *See* Subpoenas, p. 1. Any information Mrs. Kollar has in her possession is either irrelevant or covered by privilege.[2] Beyond that, any information which Mrs. Kollar may have in her possession could be obtained from other sources that are more convenient, less burdensome, and less expensive, such as the parties to this Adversary Proceeding.

24.     Civil Rule 45(d)(3)(A)(iii) – (iv) requires a court for the district where compliance is required to "quash or modify a subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies; or … subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).  The moving party has the burden of proof to demonstrate "that compliance with the subpoena would be unreasonable and oppressive."  *Wiwa*, 392 F.3d at 818. "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Id.* (internal quotation marks omitted).  To determine whether the subpoena presents an undue burden, courts consider the following factors:

> (i) relevance of the information requested; (ii) the need of the party for the documents; (iii) the breadth of the document request; (iv) the time period

---

[2] This includes not only the spousal privilege, but Mrs. Kollar's Fifth Amendment privilege, in light of the ongoing criminal investigation.

covered by the request; (v) the particularity with which the party describes the requested documents; and (vi) the burden imposed.

*Id.* "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.*

25.    Civil Rule 45(e)(2) governs a non-party's withholding of information on the grounds of privilege. *See* Fed. R. Civ. P. 45(e)(2)(A). That rule states that "[a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *Id.*

26.    The spousal communication privilege protects communications "uttered in private between husband and wife." *United States v. Archer*, 733 F.2d 354, 359 (5th Cir. 1984), *cert. denied,* 469 U.S. 861, 105 S.Ct. 196, 83 L.Ed.2d 128 (1984)). When the spousal communications privilege is invoked by a party, one spouse may not testify about private conversations which occurred between the spouses. *See United States v. Koehler*, 790 F.2d 1256, 1258 (5th Cir. 1986).

27.    Mrs. Kollar was never an executive officer nor a director of the Debtors. When she was employed by the Debtors, she was a compliance officer. In September 2025, Mrs. Kollar turned over her work laptop to the Trustee and her phone was disconnected from the Debtors' systems. Because of this, Mrs. Kollar no longer has access to her old work e-mail account, nor any of the work-related systems that were installed on her phone when she was an employee of the Debtors. Outside of her work-related communications, the records of which are no longer in her possession, Mrs. Kollar would have no occasion to have personal knowledge of

4897-1658-3567

any matter relevant to the Trustee's TRO Motion except through private communications with Mr. Kollar, her spouse.

28.    Furthermore, all of the information Mr. Chu might be able to obtain by deposing Mrs. Kollar could be obtained from other sources that are more convenient, less burdensome, and less expensive.  Courts routinely quash subpoenas under such circumstances.  *See, e.g., In re Matter of Subpoenas Served on Non-party Series 7 of Paramount Dev. Fin. Partners 3.0 LLC*, No. 1-23-MC-00319-DII, 2023 WL 3831794, at *3 (W.D. Tex. June 5, 2023) (granting motion to quash where subpoena to non-party sought "information that [could] be obtained from the … Debtors directly" and where there was no indication that the non-party had any information that would be responsive); *Alorica Inc. v. Tech Mahindra (Americas) Inc.*, No. 4:24-cv-30, 2025 WL 2301881 at *4 (E.D. Tex. Aug. 8, 2025) (allowing discovery on non-party to proceeding only where opposing party has first certified that no relevant and responsive information is available via discovery served on parties to the proceeding); *Rembrandt Patent Innovations v. Apple, Inc.*, No. 1:15-CV-438-RP, 2015 WL 4393581 at *2 (W.D. Tex. Jul. 15, 2015) (quashing subpoena "until and unless" party seeking discovery can establish they are unable to obtain requested information from another party to the proceeding, finding non-party subpoena created an undue burden that is not outweighed by party's need for the information).  In light of the foregoing, the Court should quash the Subpoena as to Mrs. Kollar as it imposes an undue burden on a non-party and seeks disclosure of privileged or other protected matter.

### C.    The Court Should Stay All Discovery Against Mr. and Mrs. Kollar

29.    Additionally, the DOJ has filed its Motion to Stay, requesting the imposition of an administrative stay on the Adversary Proceeding based upon the DOJ's ongoing criminal investigation and the prosecution of the Criminal Case.  The DOJ specifically mentioned Mr.

Chu's aggressive attempts to obtain "unfettered civil discovery" as one of the reasons why a stay should be imposed in the Adversary Proceeding. *See* Adversary Proceeding Docket No. 51, pp. 11-12. Mr. Kollar's role in the DOJ's ongoing investigation and related prosecution of Mr. Chu was also directly discussed in the DOJ's Motion to Stay, in light of the significant public interest in "ensuring that cooperating witnesses can fulfill their obligations without being subjected to premature depositions that may affect their credibility or willingness to testify." *Id.*, at 13.

30.     In light of the foregoing, Mr. and Mrs. Kollar join in the DOJ's Motion to Stay and separately move for the imposition of a stay of this Adversary Proceeding as to Mr. and Mrs. Kollar specifically, until such time as the Criminal Case has concluded and the DOJ has concluded its investigations. "[D]ue to the significant public interest in law enforcement, criminal prosecutions often take priority over civil actions, and the government is permitted to seek stays of civil litigation to protect the integrity of its criminal investigations." *Grand Jury Subpoena*, 866 F.3d at 234 (internal citation omitted). In light of the foregoing, allowing civil discovery to proceed against Mr. and Mrs. Kollar in the short term is impractical and against the public interest. The Subpoenas should be quashed until such time as the Court determines whether to grant the DOJ's forthcoming request to stay the Adversary Proceeding.

31.     Additionally, courts have routinely granted a defendant's individual motion seeking to stay civil proceedings while there is an active criminal proceeding or investigation against them and "special circumstances" warrant a stay of civil discovery or the entire civil proceeding pending completion of the other "to prevent a party from suffering substantial and irreparable prejudice." *SEC v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981). Courts consider several factors in making the above-referenced determination: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status

4897-1658-3567

of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *See S.E.C. v. Amerifirst Funding, Inc.*, No. 3:07-cv-1188-D, 2008 WL 866065 at *2 (N.D. Tex. Mar. 17, 2008) (granting defendant's motion for a stay of civil discovery where defendant had been subject of criminal investigation for months, but no indictment had been handed up yet); *see also Heller Healthcare Finance, Inc. v. Boyes*, No. Civ. A. 300CV1335D, 2002 WL 1558337 at *2-3 (N.D. Tex. Jul. 15, 2002) (granting defendant's motion for a stay of civil suit against him for negligent misrepresentation based on the court's finding that the subject matter of criminal charges against the defendant were substantially related to the issues in the civil suit).

32.    Here, special circumstances exist to warrant a stay of civil discovery as to Mr. and Mrs. Kollar until such time as the DOJ concludes its investigation into the matter, as the trial in the Criminal Case may not be the end of the DOJ's investigation.  The factual issues overlap significantly—if not almost completely—between the Criminal Case and the Adversary Proceeding. For instance, the Adversary Proceeding and the Criminal Case arise from the same alleged fraud scheme involving the Debtors.  The defendants in this Adversary Proceeding are the same four individuals who are alleged to have been co-conspirators in the Criminal Case and who have either been charged or are cooperating in the criminal prosecution and ongoing investigations.  As the DOJ acknowledged, "[t]he overlap between this proceeding and the criminal case is nearly complete … Both will require proof of substantially the same facts through the same witnesses."  Motion to Stay, p. 14.

4897-1658-3567

33.     The Criminal Case is in its infancy.  While Mr. Chu has been indicted, and Mr. Kollar is cooperating with the government, the DOJ has not concluded its investigation into matters involving the Debtors.  Moreover, the DOJ and Mrs. Kollar have not yet reached an agreement resolving or concluding her role in the DOJ's investigation.  In light of the ongoing criminal investigation and prosecution of the Criminal Case, a stay of civil discovery against both Mr. and Mrs. Kollar is warranted to prevent them from suffering substantial and irreparable prejudice. Furthermore, the public interest in allowing law enforcement to protect the integrity of its investigation outweighs the private interests of Mr. Chu in seeking discovery in connection with the TRO Motion and the Adversary Proceeding.  As a result, the Court should order that discovery against Mr. and Mrs. Kollar is stayed pending further order of the Court upon the conclusion of the government investigation.

*[Remainder of page intentionally left blank]*

4897-1658-3567

WHEREFORE, Mr. and Mrs. Kollar respectfully request that this Court enter an order (i) quashing the subpoenas issued by Mr. Chu, (ii) staying all discovery in the Adversary Proceeding against Mr. and Mrs. Kollar pending further order of this Court, and (iii) granting related relief.

Respectfully submitted this 12th day of February, 2026.

**GRAY REED**

By:   */s/ Jason S. Brookner*
      Jason S. Brookner
      Texas Bar No. 24033684
      Lydia R. Webb
      Texas Bar No. 24083758
      Amber M. Carson
      Texas Bar No. 24075610
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:   (214) 954-4135
Facsimile:   (214) 953-1332
Email:        jbrookner@grayreed.com
          lwebb@grayreed.com
          acarson@grayreed.com

*Counsel to Jerry and Katie Kollar*

**Certificate of Service**

I certify that on February 12, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Jason S. Brookner*
Jason S. Brookner

4897-1658-3567

## **Exhibit A**

**Subpoena to Mr. Kollar**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

**Northern** District of **Texas**

In re Tricolor Holdings, LLC et al.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Anne Elizabeth Burns, as Chapter 7 Trustee et al.
_____
Plaintiff

v.

Daniel Chu et al.
_____
Defendant

Case No. 3:25-bk-33487

Chapter 7

Adv. Proc. No. 25-ap-03126

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Jerome Kollar
_____

*(Name of person to whom the subpoena is directed)*

☑ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| 1201 Elm St., Suite 4000, Dallas, TX 75270, or via Zoom (link to be provided) | 02/19/26    9:00 am |

The deposition will be recorded by this method:

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/5/26
_____

CLERK OF COURT

OR

_____          /s/ Matthew Okin
Signature of Clerk or Deputy Clerk          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Daniel Chu
_____ , who issues or requests this subpoena, are:
Okin Adams Bartlett Curry LLP, 1113 Vine Street, Suite 240, Houston, TX, 77002 | mokin@okinadams.com; (713) 228-4101

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____


_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit B

**Subpoena to Mrs. Kollar**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Northern_____ District of _____Texas_____

In re Tricolor Holdings, LLC et al.
_____
Debtor

Case No. ___3:25-bk-33487___

*(Complete if issued in an adversary proceeding)*

Anne Elizabeth Burns, as Chapter 7 Trustee et al.
_____
Plaintiff

Chapter _____7_____

v.

Daniel Chu et al.
_____
Defendant

Adv. Proc. No. ___25-ap-03126___

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Katie Nutting Kollar
_____
*(Name of person to whom the subpoena is directed)*

☑ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| 1201 Elm St., Suite 4000, Dallas, TX 75270, or via Zoom (link to be provided) | 02/19/26     2:00 pm |

The deposition will be recorded by this method:

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___2/5/26___

CLERK OF COURT

OR

_____          /s/ Matthew Okin
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Daniel Chu _____ , who issues or requests this subpoena, are:
Okin Adams Bartlett Curry LLP, 1113 Vine Street, Suite 240, Houston, TX, 77002 | mokin@okinadams.com; (713) 228-4101

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it*.*

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit C

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| TRICOLOR HOLDINGS, LLC, *et al.*, | § | Case No. 25-33487 (MVL) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |
| | § | |
| ANNE ELIZABETH BURNS, as Chapter 7 | § | |
| Trustee for Tricolor Holdings, LLC, *et al.*, | § | |
| | § | |
| Plaintiff, | § | Adversary No. 25-03126 (MVL) |
| | § | |
| v. | § | |
| | § | |
| Daniel Chu, Jerome Kollar, David Goodgame | § | |
| and Ameryn Seibold, | § | |
| | § | |
| Defendants. | § | |
| | § | |

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

## ORDER GRANTING EMERGENCY
## MOTION TO QUASH SUBPOENAS AND STAY DISCOVERY

Upon the motion (the "Motion")[2] of Jerry Kollar ("Mr. Kollar"), a defendant in these proceedings and former employee of the above-captioned debtors (collectively, the "Debtors"), and Katie Kollar ("Mrs. Kollar"), a non-party to these proceedings, for the entry of an order (the "Order"), (1) quashing the subpoenas issued by Mr. Daniel Chu ("Mr. Chu") which command Mr. and Mrs. Kollar to appear and testify at a deposition; (2) staying all discovery against Mr. and Mrs. Kollar in the Adversary Proceeding pending further order of this Court; and (3) granting such other relief; and the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the estates, their creditors, and other parties in interest; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and the Court having determined that emergency consideration is appropriate; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4897-1658-3567

2.      The depositions of Mr. Kollar and Mrs. Kollar noticed by Mr. Chu for February 19, 2026, are hereby quashed.

3.      Further discovery as to Mr. and Mrs. Kollar in the Adversary Proceeding is hereby stayed until further order of this Court.

4.      Mr. and Mrs. Kollar are hereby authorized and empowered to take any and all further actions as may be reasonably necessary or appropriate to give effect to this Order.

5.      The Bankruptcy Court reserves jurisdiction to interpret and enforce all provisions of this Order, including any disputes arising from this Order.

### # # # END OF ORDER # # #

<u>Submitted by:</u>

Jason S. Brookner (Texas Bar No. 24033684)
Lydia R. Webb (Texas Bar No. 24083758)
Amber M. Carson (Texas Bar No. 24075610)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email:      jbrookner@grayreed.com
            lwebb@grayreed.com
            acarson@grayreed.com

*Counsel to Jerry and Katie Kollar*

4897-1658-3567