

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 24, 2026**

_____
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | Case No. 25-33487 (MVL) |
| Debtors. | (Jointly Administered) |
| ANNE ELIZABETH BURNS, as Chapter 7 Trustee for Tricolor Holdings, LLC, *et al.*, | |
| Plaintiff, | |
| v. | Adversary No. 25-03126 |
| Daniel Chu, Jerome Kollar, David Goodgame, and Ameryn Seibold, | |
| Defendants. | |

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

**STIPULATION AND AGREED ORDER ADJOURNING THE HEARINGS AND RELATED MATTERS ON (A) THE TRUSTEE'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST DANIEL CHU, AND (B) MOTION FOR PROTECTIVE ORDER WITH RESPECT TO DEFENDANT DANIEL CHU'S DISCOVERY WITH RESPECT TO TRUSTEE'S PRELIMINARY INJUNCTION MOTION**

Anne Elizabeth Burns, as Chapter 7 Trustee (the "Trustee") for Tricolor Holdings, LLC, et al. (the "Debtors") and Daniel Chu ("Mr. Chu") (individually, a "Party," and collectively, the "Parties") hereby enter into this Stipulation and Agreed Order and agree as follows:

WHEREAS, on January 10, 2026, the Trustee filed an *Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Against Daniel Chu* (the "PI Motion") (Dkts. 6, 7), seeking to restrain assets belonging to Mr. Chu, including (i) the real property located at 1612 Gilcrest Drive, Beverly Hills, CA 90210 (the "California Property"), (ii) the real property located at 4208 Beverly Drive, Highland Park, TX 75205 (the "Texas Property"), and (iii) the real property located at The Four Seasons Residences, The Surf Club, 9001 Collins Ave #S-201, Miami Beach, FL 33154 (the "Florida Property"). The California Property, Texas Property, and Florida Property are referred to individually and collectively as the "Real Property."

WHEREAS, the Trustee has caused to be filed *lis pendens* against the Real Property.

WHEREAS, the Court offered two dates in February for a hearing on the PI Motion, and in accordance with the Court's availability, the Trustee initially proposed a hearing date of February 24, 2026; Mr. Chu stated this date was inconvenient for his team.

WHEREAS, the Trustee then offered the second date available for the Court, February 26, 2026, which Mr. Chu agreed to.

WHEREAS, the hearing on the PI Motion (the "PI Motion Hearing") is currently set for February 26, 2026.  (Dkt. 27).

WHEREAS, Mr. Chu has noticed and served subpoenas (the "Subpoenas") and requests for production ("Chu's RFPs") seeking documents and related depositions during the same time period in advance of the PI Motion Hearing (the "Depositions"); the Subpoenas stated that they were issued "in connection with the *Trustee's Emergency Motion for Temporary Restraining Order and For a Preliminary Injunction Against Daniel Chu* (Dkts. 6, 7) . . . by and through the undersigned counsel in the above-styled adversary proceeding." (Dkts. 17-26; 28-36; 41-44A; 63, 73-79).

WHEREAS, on January 29, 2026, the Trustee served Mr. Chu with "Plaintiff's First Set of Requests for Production of Documents to Defendant Daniel Chu" (the "Trustee's RFP").

WHEREAS, on February 4, 2026, the United States of America filed its Motion to Intervene and Stay Discovery (and brief in support), in which it seeks "stay of discovery, including depositions and witness testimony, through the adversary proceeding while the criminal case is pending," and "an immediate temporary administrative stay of all discovery and evidentiary hearings while [the Court] considers the Government's motion to intervene and stay discovery." (Dkts. 50, 51).

WHEREAS, on February 4, 2026, the Trustee filed in the bankruptcy proceeding (Case No. 25-33487 (MVL)) her *Motion to Compel Answers in Response to Daniel Chu's Improper Invocation of Fifth Amendment Privilege at Section 341 Meeting*. (Dkt. 733).

WHEREAS, on February 11, 2026, the Trustee filed her *Motion for Protective Order with Respect to Defendant Daniel Chu's Discovery with Respect to Trustee's Preliminary Injunction Motion* (the "Motion for Protective Order") (Dkt. 84).

WHEREAS, the hearing on the Motion for Protective Order (the "Protective Order Hearing") is currently set for March 30, 2026. (Dkt. 101).

WHEREAS, the Parties continue to negotiate and expect to enter into a separate stipulation (the "Property Stipulation") regarding the sale or potential sale of the Texas Property by February 24, 2026, and are discussing stipulations regarding the potential sale of the California Property and Florida Property.

WHEREAS, in an effort to avoid unnecessary litigation, the Parties have met and conferred and agreed to hold in abatement the PI Motion Hearing for the PI Motion, currently scheduled for February 26, 2026.

WHEREAS, in an effort to avoid unnecessary litigation, the Parties have met and conferred and agreed to hold in abatement the Protective Order Hearing for the Motion for Protective Order, currently scheduled for March 30, 2026.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES AND ORDERED BY THE COURT THAT**

1. The Trustee will file with the Court a notice of abatement of the PI Motion Hearing on the PI Motion currently scheduled for February 26, 2026, and of the deadline for Mr. Chu's response to the PI Motion, without prejudice to the Trustee's ability to re-file a preliminary injunction motion in the future.

2. Mr. Chu agrees to hold in abatement the Subpoenas and Depositions filed for purposes of discovery to support the PI Motion, including Chu's RFPs, until such time as the Trustee renews her PI Motion.

3. The Trustee agrees to hold in abatement any subpoenas, requests for production, and notices of deposition filed for purposes of discovery to support the PI Motion, including the Trustee's RFP, until such time as the Trustee renews her PI Motion.

4. To the extent any Party issues discovery requests or third-party subpoenas during the period of abatement referenced in Paragraphs 1, 2, and 3 above (*i.e.*, prior to such time as the

Trustee renews her PI Motion), the time to respond to such requests or subpoenas is tolled until such period of abatement concludes without the need for any receiving party to take any action, serve any responses or objections, or make any motion.

5. The Parties reserve all rights regarding whether the discovery sought by Mr. Chu and the Trustee is necessary to the PI Motion, including in connection with the arguments raised in the Trustee's Motion for Protective Order.

6. Until the PI Motion is decided, resolved, or withdrawn with prejudice, or until the conclusion of this proceeding, the Parties reserve all rights with respect to the property at issue in the PI Motion, and nothing in this stipulation is intended to prevent any Party from seeking any relief with respect to such property.

7. The Trustee will file with the Court a notice of abatement of the Protective Order Hearing on the Motion for Protective Order currently scheduled for March 30, 2026, and of the deadline for Mr. Chu's response to the Motion for Protective Order, without prejudice to the Trustee's ability to re-file the Motion for Protective Order in the future.

8. Except as otherwise provided in this Order, all other rights of the Parties are expressly reserved including, but not limited to, seeking further adjournment or continuances.

9. The Parties agree to participate in a status conference with the Court to discuss the PI Motion, the PI Motion Hearing, the Motion for Protective Order, the Protective Order Hearing, and case disposition during the week of May 11, 2026.

###End of Order###

AGREED TO FORM AND SUBSTANCE:

| **OKIN ADAMS BARTLETT CURRY LLP** | **MCDERMOTT WILL & SCHULTE LLP** |
|---|---|

By:  */s/ James W. Bartlett, Jr.*
Matthew S. Okin
Texas Bar No. 00784695
James W. Bartlett, Jr.
Texas Bar No. 00795238
Edward A. Clarkson, III
Texas Bar No. 24059118
1113 Vine St., Suite 240
Houston, Texas 77002
Telephone: (713) 228-4100
Facsimile: (346) 247-7158
mokin@okinadams.com
jbartlett@okinadams.com
eclarkson@okinadams.com

*Counsel to Daniel Chu*

*/s/ Julia M. Beskin*
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Tel:    (214) 295-8000
Fax:    (972) 232-3098
E-mail: crgibbs@mcdermottlaw.com
          mhelt@mcdermottlaw.com
          gwilliams@mcdermottlaw.com

-and-

Darren Azman (admitted *pro hac vice*)
Jared M. Gerber (admitted *pro hac vice*)
Timothy C. Cramton (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Tel:    (212) 547-5400
Fax:    (212) 547-5444
Email: dazman@mcdermottlaw.com
          jmgerber@mcdermottlaw.com
          tcramton@mcdermottlaw.com

Julia M. Beskin (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Tel:    (212) 547-5400
Fax:    (212) 547-5444
Email: jbeskin@mcdermottlaw.com

*Counsel to the Chapter 7 Trustee*