**MCDERMOTT WILL & SCHULTE LLP**
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
E-mail: crgibbs@mcdermottlaw.com
        mhelt@mcdermottlaw.com
        gwilliams@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Jared M. Gerber (admitted *pro hac vice*)
Timothy C. Cramton (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
E-mail: dazman@mcdermottlaw.com
        jmgerber@mcdermottlaw.com
        tcramton@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Julia M. Beskin (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Email: jbeskin@mcdermottlaw.com

*Counsel to Plaintiff, the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*, | Case No. 25-33487 (MVL) |
| Debtors. [1] | (Jointly Administered) |
| ANNE ELIZABETH BURNS, as Chapter 7 Trustee for Tricolor Holdings, LLC, *et al.*, | |
| Plaintiffs, | |
| v. | Adversary No. 3:25-ap-03126 |
| DANIEL CHU, JEROME KOLLAR, DAVID GOODGAME, and AMERYN SEIBOLD, | |
| Defendant. | |

---

[1] The Debtors in these Chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC,

**TRUSTEE'S RESPONSE AND PARTIAL OBJECTION TO THE UNITED
STATES OF AMERICA'S MOTION TO INTERVENE
<u>AND STAY DISCOVERY</u>**

Anne Elizabeth Burns, in her capacity has the Chapter 7 trustee (the "<u>Trustee</u>") of the estates of the Debtors in the above-captioned Chapter 7 proceedings (the "<u>Chapter 7 Cases</u>"), by and through her undersigned counsel, hereby files this response and partial objection (the "<u>Objection</u>") to *The United States of America's Motion to Intervene and Stay Discovery* (the "<u>Stay Motion</u>") (Dkts. 50-51.)

The United States of America is seeking to intervene in the above captioned adversary proceeding (the "<u>Adversary Proceeding</u>") to stay all discovery and evidentiary hearings pending resolution of the criminal case, *United States v. Daniel Chu & David Goodgame*, 25 Cr. 579 (PKC) (S.D.N.Y.).  The Trustee opposes the Stay Motion solely to the extent that it would stay the *Trustee's Emergency Motion for a Temporary Restraining Order and for a Preliminary Injunction Against Daniel Chu* (the "<u>PI Motion</u>") (Dkt. 6.)  The Trustee respectfully submits that any order of this Court granting the Stay Motion should permit the hearing on the PI Motion to go forward (on a date yet to be determined), as well as permitting the limited discovery necessary to resolve the PI Motion.

On February 23, 2026, counsel for the Trustee and Defendant Daniel Chu ("<u>Chu</u>") filed a stipulation and proposed order that would abate the PI Motion and hearing for a period of approximately three months, along with all discovery demands served in the Adversary Proceeding to date.  (Dkt. 112.)  Counsel for the Trustee and Chu are also in the process of negotiating stipulations that would permit for the lifting of the Notices of *Lis Pendens* on certain properties

---

Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

that are the subject of the PI Motion, which may result in mooting the PI Motion in its entirety. The Trustee thus files this limited Objection to protect her ability to renew the PI Motion in the future, notwithstanding the Court's granting of the United States's Stay Motion.

The Trustee has a significant interest in resolving the PI Motion which is limited to whether certain of Chu's assets should be frozen to prevent him from dissipating assets rightfully belonging to the Debtors or their creditors. Despite Chu's claims to the contrary in *Daniel Chu's Response and Partial Opposition to the Government's Motion to Intervene and Stay Discovery* (the "Chu Opposition"), resolution of a preliminary injunction motion does not require the excessive discovery Chu claims he needs. (Dkt. 100.)

Further, in the Chu Opposition, Chu incorrectly asserts that the stay should also apply to the forthcoming Section 341 creditors' meeting, currently being rescheduled for April 30, 2026 (the "341 Meeting"). This is procedurally improper—effectively turning the Chu Opposition into a cross-motion. In any event, Chu misapprehends the Stay Motion. The Stay Motion seeks a stay solely with respect to the Adversary Proceeding and has no impact on the broader bankruptcy proceeding, including the 341 Meeting. Chu claims that any stay should apply to the 341 Meeting because he may need to invoke the Fifth Amendment's right against self-incrimination if subject to further questioning. *See* Chu Opposition at 7-13. But, the purpose of the 341 Meeting is for property administration of the bankruptcy proceeding which is unrelated to Chu's ongoing criminal proceedings. To the extent that Chu may need to invoke his Fifth Amendment rights, the appropriate scope of questions at the 341 Meeting is already before the Court in the Trustee's motion to compel in the underlying Chapter 7 Cases. *See* Dkt. 733, *In re Tricolor Holdings, LLC, et al.*, No. 25-33487 (Bankr. N.D. Tex.). Until that motion is resolved, any request to stay the 341 Meeting is premature.

**BACKGROUND**

After uncovering massive fraud within Tricolor Holdings, LLC ("Tricolor"), the company and many of its affiliates filed for bankruptcy on September 10, 2025. While the Trustee began investigating the fraud, the United States was also investigating Chu's conduct. On December 17, 2025, the indictments against Chu, Jerome Kollar, David Goodgame, and Ameryn Seibold were unsealed, revealing criminal charges related to the fraud uncovered at Tricolor. Chu and Mr. Goodgame both pled not guilty, while Mr. Kollar and Mr. Seibold pled guilty.

On December 19, 2025, the Trustee filed her Complaint in the Adversary Proceeding against the Defendants alleging (1) fraud, (2) breach of the fiduciary duty of care, (3) breach of the fiduciary duty of loyalty, (4) breach of the Fifth Amended and Restated Limited Liability Agreement, (5) breach of the implied duty of good faith and fair dealing, (6) turnover of estate property, (7) avoidance of preferential transfers, (8) actual fraudulent transfer, (9) constructive fraudulent transfer, (10) civil conspiracy, (11) unjust enrichment, (12) constructive trust, and (13) an accounting, for the benefit of Debtors' estates and their creditors. (Dkt. 1.) The Trustee also filed actions in California against Chu and Chu Family Investments LLC, and in Florida against Chu, asserting claims over Chu's properties located in those jurisdictions as estate property.

On January 10, 2026, the Trustee filed her PI Motion requesting the Court grant a temporary restraining order and preliminary injunction enjoining Chu from transferring, encumbering or otherwise disposing of assets acquired or misappropriated from the Debtors, and requiring Chu to account for such assets to the Trustee. (Dkt. 6.) The hearing on the PI Motion was set for February 26, 2026, at 1:30 p.m. (prevailing Central Time). (Dkt. 27.) On February 23, 2026, the Trustee and Chu filed a joint-stipulation and proposed order that would hold the hearing on the PI Motion in abeyance until at least May 11, 2026. (Dkt. 112.)

4

As set forth in more detail in the *Trustee's Motion for Protective Order with Respect to Defendant Daniel Chu's Discovery with Respect to Trustee's Preliminary Injunction Motion* ("Protective Order Motion"), Chu has sought excessive discovery purportedly relevant to the PI Motion, which the Court should limit. (Dkt. 84.) The appropriate scope of discovery is limited to the issues implicated by the PI Motion, *i.e.*, the identification of Chu's assets acquired from funds usurped from the Debtors and his efforts to dissipate the same.

**ARGUMENT**

The Trustee seeks a limited carve out of the PI Motion and the limited discovery required to resolve that motion which strikes an appropriate balance between the interests in the Trustee in proceeding expeditiously, while balancing the burden on Chu and the interests of the courts and the public. In deciding whether to grant a stay, courts weigh six factors: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest." *Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d 391, 398-99 (S.D. Tex. 2009). The limited carveout from the stay to resolve the PI Motion the Trustee seeks strikes an appropriate balance of these factors.

**I. A LIMITED CARVE OUT RELATED TO THE PI MOTION WOULD APPROPRIATELY BALANCE THE INTERESTS OF THE UNITED STATES, THE PARTIES, AND THE COURT.**

A limited carve out of the PI Motion and limited related discovery would appropriately balance the interests of the parties and the Court should a stay of the Adversary Proceeding be granted. The United States contends that the Trustee's interests do not outweigh the need for the stay because the criminal case will narrow or resolve issues in this adversary proceeding, will

likely also have the effect of freezing and preserving assets, and that the interest in resolving certain motions (including the PI Motion) is outweighed by the prejudice that civil discovery would inflict on the criminal case. *See* Stay Motion at 10. However, the PI Motion seeks limited relief to preserve the status quo to prevent Chu from dissipating assets rightfully belonging to the Debtors. The Trustee has a significant interest in ensuring that the proceeds of Chu's fraud can be appropriately returned to the Debtors and creditors over the course of the bankruptcy proceeding.

The discovery required to resolve the PI Motion is limited and therefore not prejudicial to the criminal case. The Fifth Circuit has made clear that courts have "discretion to narrow the range of discovery," rather than grant a complete stay of discovery when there are parallel criminal and civil cases. *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). Here, carving out the PI Motion and related discovery, strikes an appropriate balance between the interests of the Trustee, Chu, the public, and the United States. As set forth in more detail in the PI Motion, Chu, through his fraud, usurped assets rightfully belonging to the Debtors, and has taken substantial steps to try to hide or dissipate assets procured through his fraud. Appropriate discovery needed to resolve the PI Motion concerns the preliminary injunction factors the Court needs to consider resolving a preliminary injunction, *i.e.*, the irreparable harm and balancing of the equities and not the final merits of the Adversary Proceeding Complaint. This includes discovery such as identifying assets that could be frozen should the Trustee prevail and the relative equities of each party which would have minimal, if any, impact on the criminal proceedings. The United States is rightly concerned that Chu will abuse civil discovery proceedings to further his criminal defense. He has already done so.[2] But the Court can rein in those efforts by ensuring that only appropriate discovery takes place through resolution of the Protective Order Motion.

---

[2] For example, on February 5, 2026, Chu's counsel took the deposition of his alleged co-conspirator Ameryn Seibold and asked questions that were clearly directed at gathering information for use in Chu's ongoing criminal case such

In the Chu Opposition, he argues that extensive discovery is necessary to resolve the PI Motion on the basis that he is entitled to a hearing pursuant to Federal Rule of Civil Procedure 65(a)(1). But that is false. Nothing in the Chu Opposition establishes that he is entitled to complete fact discovery in an expedited fashion or the overbroad discovery that he seeks. These arguments are presented in more detail in the Protective Order Motion pending before the Court. Resolution of the Protective Order Motion will further limit Chu's overbroad discovery to issues actually relevant to the PI Motion. This will limit the burden on the United States by focusing discovery on issues relevant to the PI Motion which are unlikely to impact the criminal prosecution. Chu's own interests will also be preserved as he will still be entitled to the limited discovery appropriate to resolving the PI Motion.

Finally, the interest of the Court and the public interest heavily favor a carve out from any stay to allow the PI Motion to be heard. The Court desires an efficient administration of the case, and the public interest requires an efficient and fair disposition of estate assets to the Debtors and its creditors. This is not possible without a limited carve out allowing the Court to promptly evaluate whether assets held by Chu are indeed estate assets and to stop Chu from disposing of them. Chu's abuse of the discovery process for gain in his criminal defense, the Trustee's strong interest in expeditious resolution of the PI Motion, Protective Order Motion, and the Court's and public's interest in efficient disposition of estate assets require a limited carve out from the Stay Motion.

---

as if Mr. Seibold was a cooperating witness, how many times Mr. Seibold met with prosecutors, and if Mr. Seibold testified before the grand jury in the criminal proceedings. (*See generally*, Dkt. 84-3 (Transcript of the Deposition of Ameryn Seibold).)

## II.    THE 341 MEETING IS NOT SUBJECT TO THE STAY SOUGHT BY THE UNITED STATES.

Chu argues that the Court should extend the stay the United States seeks to also apply to the 341 Meeting on the basis that having to invoke his Fifth Amendment rights if subject to further questioning could be unfairly used against him in the Adversary Proceeding. Chu Opposition at 8. Chu's attempt to bootstrap the 341 creditors' meeting to the government's Stay Motion is unavailing, procedurally improper and premature. If Chu wanted to try and to stay the bankruptcy proceeding, he should have moved to do so.

Nonetheless, there can be no reasonable dispute that the 341 Meeting is not a part of the Adversary Proceeding, but rather is part of the bankruptcy proceeding. As Chu acknowledges in his opposition, the 341 Meeting is "for purposes of bankruptcy administration." Chu Opposition at 9, n.4. Any questions about the appropriate scope of questioning in the forthcoming 341 Meeting can be addressed through resolution of the Trustee's pending motion to compel. Any request to stay the 341 Meeting before resolution of that motion is premature. Chu is not entitled to hold the underlying bankruptcy proceeding hostage because he is being prosecuted. To do so would plainly be against the interests of the Trustee, the public, and the Court by impeding the underlying bankruptcy proceeding.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that in the event the Court grants the United States's Stay Motion, a limited carve out is permitted to resolve the PI Motion and related discovery.

8

Dated: New York, New York
     February 25, 2026

**MCDERMOTT WILL & SCHULTE LLP**


*/s/ Julia M. Beskin*
Julia M. Beskin (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
E-mail: jbeskin@mcdermottlaw.com


Darren Azman (admitted *pro hac vice*)
Jared M. Gerber (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
E-mail: dazman@mcdermottlaw.com
      jmgerber@mcdermottlaw.com


Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
**MCDERMOTT WILL & SCHULTE LLP**
2801 North Harwood Street
Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
E-mail: crgibbs@mcdermottlaw.com
      mhelt@mcdermottlaw.com
      gwilliams@mcdermottlaw.com

*Counsel to Plaintiff, the Chapter 7 Trustee*

9

## CERTIFICATE OF SERVICE

I do hereby certify that on February 25, 2026, a true and correct copy of the foregoing document was served via CM/ECF for the United States Bankruptcy Court for the Northern District of Texas on (i) counsel for all parties to this adversary proceeding and (ii) counsel for the United States of America.

*/s/ Julia M. Beskin*
Julia M. Beskin