

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 4, 2026**

_____
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | Case No. 25-33487 (MVL) |
| Debtors. | (Jointly Administered) |
| ANNE ELIZABETH BURNS, as Chapter 7 Trustee for Tricolor Holdings, LLC, *et al.*, | |
| Plaintiff, | |
| v. | Adversary No. 25-03126 |
| Daniel Chu, Jerome Kollar, David Goodgame, and Ameryn Seibold, | |
| Defendants. | |

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

**STIPULATION AND AGREED ORDER REGARDING
THE SALE OF CERTAIN REAL PROPERTY**

Anne Elizabeth Burns, as Chapter 7 Trustee (the "Trustee") for Tricolor Holdings, LLC, *et al.* (the "Debtors") and Daniel Chu ("Mr. Chu," collectively with the Trustee, the "Parties," and each individually a "Party") hereby enter into this Stipulation and Agreed Order and agree as follows:

WHEREAS, on December 19, 2025, the Trustee filed her Complaint [ECF No. 1] in this adversary proceeding against Mr. Chu and others.

WHEREAS, on December 24, 2025, the Trustee caused to be filed a *lis pendens* in the real property records of Dallas County, Texas, Document No. 202500269352 (the "Lis Pendens") against the Real Property (defined below).

WHEREAS, on January 10, 2026, the Trustee filed the *Trustee's Emergency Motion for a Temporary Restraining Order and for a Preliminary Injunction Against Daniel Chu* [ECF No. 6] (the "Preliminary Injunction Motion"), seeking to restrain assets in Mr. Chu's name, including the real property located at 4208 Beverly Drive, Highland Park, TX 75205 (the "Real Property").

WHEREAS, on February 25, 2026, the Court entered the *Stipulation and Agreed Order Adjourning the Hearings and Related Matters on (A) the Trustee's Emergency Motion For a Temporary Restraining Order and Preliminary Injunction Against Daniel Chu, and (B) Motion For Protective Order With Respect To Defendant Daniel Chu's Discovery With Respect To Trustee's Preliminary Injunction Motion* [ECF 116], which adjourns the Preliminary Injunction Motion, the hearing for the Preliminary Injunction Motion, and all related discovery until at least May 11, 2026.

WHEREAS, Mr. Chu and Origin Bank are parties to that certain Texas Home Equity Fixed/Adjustable Rate Note dated as of March 1, 2023 (the "Note"), secured by the Texas Home

2

Equity Security Agreement dated as of March 1, 2023 (together with the Note, and all riders, supplements, attachments and ancillary documents, the "Loan Documents"). As of February 20, 2026, the outstanding balance under the Note was at least $4,396,680.14, with interest, costs, and fees continuing to accrue pursuant to the Loan Documents.

WHEREAS, the Parties desire for the Real Property to be sold to minimize ongoing costs, without prejudice to any Party's legal position.

**IT IS THEREFORE STIPULATED AND AGREED BY THE PARTIES AND ORDERED BY THE COURT THAT:**

1. Mr. Chu may sell the Real Property, so long as such sale is to a bona fide third party for fair value. In connection with such sale, the Trustee shall at closing deliver a release of the Lis Pendens to the title company closing the sale of the Real Property to be held in escrow by the title company pending disbursement of the sale proceeds.

2. Prior to closing, the Trustee will receive (a) a copy of the Note, and (b) a draft copy of the closing statement for the sale of the Real Property. The draft closing statement is subject to the Trustee's review and comment. At closing, the Trustee will receive a final copy of the closing statement of sale of the Real Property for her records.

3. The proceeds of the sale after (a) payoff of the total outstanding balance to Origin Bank, (b) payment of closing costs, and (c) attendant costs, shall be referred to herein as "Net Sale Proceeds."

4. After closing, and prior to the disbursement of the Net Sale Proceeds, the title company shall remit to Mr. Chu 15% (fifteen percent) of the Net Sale Proceeds to be used for living and legal expenses. The amount of the Net Sale Proceeds following such 15% (fifteen percent) remittance to Mr. Chu is referred to herein as the "Balance of the Net Sale Proceeds."

5. The Balance of the Net Sale Proceeds will be remitted directly into an interest-bearing account in the name of Tricolor Holdings, LLC, administered by the Trustee (the "Tricolor Account").  The Trustee acknowledges and agrees that by consenting to have the Balance of the Net Sale Proceeds deposited into the Tricolor Account, Mr. Chu makes no concession about whether the Trustee or the Debtors have any entitlement to those proceeds, including whether they are estate property, and reserves all rights in that regard.  The Trustee shall hold the Balance of the Net Sale Proceeds and all accrued interest in the Tricolor Account pending the resolution of the Preliminary Injunction Motion as to the Real Property, or other court order.

6. Upon closing of the sale of the Real Property and remittance to Mr. Chu of 15% (fifteen percent) of the Net Sale Proceeds as described herein, Mr. Chu and the Trustee release and hold harmless any buyer of the Real Property in accordance with Paragraph 1 above, and release any claim to the Real Property itself.  Any arguments, rights, or defenses that Mr. Chu and the Trustee have with respect to the Real Property (including, for example, with respect to the Trustee's constructive trust claim or under state law) are fully reserved, and shall attach to the Balance of the Net Sale Proceeds of the sale of the Real Property, including any accrued interest.

7. The Parties acknowledge and agree that Origin Bank shall receive payment of the total outstanding balance under the Loan Documents prior to disbursement of the proceeds to any other party.  In entering into this stipulation, the Trustee does not waive any right to bring equitable and legal claims against Origin Bank arising from or relating to the Real Property, including a claim for fraudulent transfer. Likewise, this Stipulation and Agreed Order does not purport to address Mr. Chu's liability for real property taxes or other secured obligations relative to the Real Property.

8. Subject to the other terms of this Stipulation and Agreed Order, including the release and hold harmless clause set forth in Paragraph 6, this Stipulation and Agreed Order is without prejudice to any party seeking any additional relief, including with respect to the Real Property, the Balance of the Net Sale Proceeds, or the Preliminary Injunction Motion upon further motion and notice in this Adversary Proceeding or the main bankruptcy case, as appropriate..

###End of Order###

AGREED TO FORM AND SUBSTANCE:

Respectfully submitted,

| **OKIN ADAMS BARTLETT CURRY LLP** | **MCDERMOTT WILL & SCHULTE LLP** |
|---|---|
| /s/ *James W. Bartlett, Jr.* | /s/ *Julia M. Beskin* |
| Matthew S. Okin (TX Bar No. 00784695) | Charles R. Gibbs (TX Bar No. 7846300) |
| James W. Bartlett, Jr. (TX Bar No. 00795238) | Marcus A. Helt (TX Bar No. 24052187) |
| Edward A. Clarkson, III (TX Bar No. 24059118) | Grayson Williams (TX Bar No. 24124561) |
| 1113 Vine St., Suite 240 | 2801 North Harwood Street, Suite 2600 |
| Houston, Texas 77002 | Dallas, Texas 75201-1664 |
| Telephone: 713.228.4100 | Tel:  (214) 295-8000 |
| Facsimile: 346.247.7158 | Fax:  (972) 232-3098 |
| mokin@okinadams.com | E-mail: crgibbs@mcdermottlaw.com |
| jbartlett@okinadams.com |          mhelt@mcdermottlaw.com |
| eclarkson@okinadams.com |          gwilliams@mcdermottlaw.com |
| | -and- |
| *Counsel to Daniel Chu* | Darren Azman (admitted *pro hac vice*) |
| | Jared M. Gerber (admitted *pro hac vice*) |
| | One Vanderbilt Avenue |
| | New York, New York 10017-3852 |
| | Tel:  (212) 547-5400 |
| | Fax:  (212) 547-5444 |
| | E-mail: dazman@mcdermottlaw.com |
| | jmgerber@mcdermottlaw.com |
| | |
| | Julia M. Beskin (admitted *pro hac vice*) |
| | 919 Third Avenue |
| | New York, New York 10022 |
| | Tel:  (212) 547-5400 |
| | Fax:  (212) 547-5444 |
| | E-mail: jbeskin@mcdermottlaw.com |
| | |
| | *Counsel to the Chapter 7 Trustee* |