

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 27, 2026**

_____
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*, | Case No. 25-33487 (MVL) |
| Debtors.[1] | (Jointly Administered) |
| ANNE ELIZABETH BURNS, as Chapter 7 Trustee for Tricolor Holdings, LLC, *et al.*, | |
| Plaintiffs, | |
| v. | Adversary No. 3:25-ap-03126 |
| DANIEL CHU, JEROME KOLLAR, DAVID GOODGAME, and AMERYN SEIBOLD, | |
| Defendants. | |

---

[1] The Debtors in these Chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

**ORDER (I) RESTRICTING PUBLIC ACCESS TO UNREDACTED VERSIONS OF PREVIOUSLY-FILED DOCUMENTS; (II) AUTHORIZING THE FILING OF REDACTED VERSIONS OF THE COMPLAINT AND MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR A PRELIMINARY INJUNCTION AGAINST DANIEL CHU; (III) DIRECTING THE CLERK OF THE COURT TO FILE THE REDACTED VERSIONS OF THE COMPLAINT AND THE MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR A PRELIMINARY INJUNCTION AGAINST DANIEL CHU; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Trustee for entry of order (this "Order"), (a) directing the Clerk of the Court to restrict public access to the unredacted Complaint and Exhibit 30, and the unredacted TRO/PI Motion; (b) authorizing the filing of redacted versions of the Complaint and TRO/PI Motion, attached thereto as Exhibits 1 and 2, respectively; (c) directing the Clerk of the Court to file the redacted version of the Complaint and TRO/PI Motion, attached thereto as Exhibits 1 and 2, respectively; and (d) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Trustee, the bankruptcy estate, the creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is granted as set forth herein.

2. The Clerk of Court is directed to restrict public access to the unredacted Complaint and Exhibit 30, and the unredacted TRO/PI Motion.

3. The filing of a copy of the Complaint which redacts paragraph 135 and a copy of the TRO/PI Motion which redacts paragraph 50 is authorized.

4. The Clerk of Court is directed to file the redacted versions of the Complaint and the TRO/PI Motion, attached as <u>Exhibits 1 and 2</u>, respectively, to the Motion.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice under the circumstances of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

6. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

7. The Trustee is authorized to take all actions necessary to implement the relief granted in this Order.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# # # END OF ORDER # # #

Prepared and submitted by:

**MCDERMOTT WILL & SCHULTE LLP**
Julia M. Beskin (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
E-mail: jbeskin@mcdermottlaw.com

Darren Azman (admitted *pro hac vice*)
Jared M. Gerber (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
E-mail: dazman@mcdermottlaw.com
      jmgerber@mcdermottlaw.com


Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
2801 North Harwood Street, Suite 2600
Dallas Texas 75201
Telephone: (214) 295-8000
E-mail: crgibbs@mcdermottlaw.com
      mhelt@mcdermottlaw.com
      gwilliams@mcdermottlaw.com

*Counsel to Plaintiff, the Chapter 7 Trustee*