**OKIN ADAMS BARTLETT CURRY LLP**
Matthew S. Okin (TX Bar No. 00784695)
James W. Bartlett, Jr. (TX Bar No. 00795238)
Edward A. Clarkson, III (TX Bar No. 24059118)
1113 Vine St., Suite 240
Houston, Texas 77002
Telephone: 713.228.4100
Facsimile: 346.247.7158
mokin@okinadams.com
jbartlett@okinadams.com
eclarkson@okinadams.com

*Counsel to Daniel Chu*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | Case No. 25-33487 (MVL) |
| Debtors. | (Jointly Administered) |
| ANNE ELIZABETH BURNS, as Chapter 7 Trustee for Tricolor Holdings, LLC, *et al.*, | |
| Plaintiff, | |
| v. | Adversary No. 25-03126 |
| Daniel Chu, Jerome Kollar, David Goodgame, and Ameryn Seibold, | |
| Defendants. | |

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS, 75242 BEFORE CLOSE OF BUSINESS ON APRIL 8, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

**DANIEL CHU'S MOTION FOR ENTRY OF AN ORDER APPROVING
THE STIPULATION AND AGREED ORDER REGARDING
THE SALE OF CERTAIN REAL PROPERTY**

**21-Day Negative Notice — LBR 9007-1**

Daniel Chu ("Mr. Chu") files this motion for entry of an order (the "Motion") approving the *Stipulation and Agreed Order Regarding the Sale of Certain Real Property* (the "Stipulation") between Mr. Chu and Anne Elizabeth Burns, in her capacity as the duly appointed Chapter 7 trustee (the "Trustee") (each, a "Party," and together, the "Parties"), and in support hereof, respectfully states as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicate for the relief requested in this Motion is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code").

2

## BACKGROUND

3.      On September 10, 2025, the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court"). Anne Elizabeth Burns was appointed as the Chapter 7 Trustee.

4.      On December 19, 2025, the Trustee filed the *Complaint* [ECF No. 1][2] in the adversary proceeding, Adversary No. 25-03126-mvl, against Mr. Chu and others (the "Adversary Proceeding").

5.      On January 8, 2026, the Trustee caused to be filed a notice of *lis pendens* (the "Lis Pendens") in the action *Anne Elizabeth Burns, as Chapter 7 Trustee for Tricolor Holdings, LLC, et al. v. Chu et al.*, 25STCV38413 (Cal. Super. Ct.), against the real property located at 1612 Gilcrest Drive, Beverly Hills, California 90210 (the "Real Property").

6.      A Promissory Note, dated August 29, 2025, was entered into by and between Origin Bank and Chu Family Investments LLC, a Texas limited liability company controlled by Mr. Chu (the "Note"), of which the outstanding balance is $2,064,887 as of March 6, 2026.

7.      On January 10, 2026, the Trustee filed the *Trustee's Emergency Motion for a Temporary Restraining Order and for a Preliminary Injunction Against Daniel Chu* [ECF No. 6] (the "Preliminary Injunction Motion"), seeking to restrain assets in Mr. Chu's name, including the Real Property.

8.      On February 25, 2026, the Court entered the *Stipulation and Agreed Order Adjourning the Hearings and Related Matters on (A) the Trustee's Emergency Motion For a Temporary Restraining Order and Preliminary Injunction Against Daniel Chu, and (B) Motion*

---

[2]ECF references shall be the Adversary Proceeding Docket unless specifically noted otherwise.

*For Protective Order With Respect To Defendant Daniel Chu's Discovery With Respect To Trustee's Preliminary Injunction Motion* [ECF 116], which adjourns the Preliminary Injunction Motion, the hearing for the Preliminary Injunction Motion, and all related discovery until at least May 11, 2026.

9.      The Parties wish for the Real Property to be sold to minimize ongoing costs, without prejudice to any Party's legal position. In furtherance thereof, the Parties have negotiated the terms of the Stipulation, attached hereto as **Exhibit A** and incorporated herein by reference.

## TERMS OF THE STIPULATION

10.     The Parties have agreed to allow the Real Property to be sold pursuant to the terms set forth in the Stipulation. The following are the material terms contained in the Stipulation:

i.      Mr. Chu may sell the Real Property, so long as such sale is to a *bona fide* third party for fair value. In connection with such sale, the Trustee shall at closing deliver a release of the Lis Pendens to the title company closing the sale of the Real Property to be held in escrow by the title company pending disbursement of the sale proceeds;

ii.     Prior to closing, the Trustee will receive (a) a copy of the Note, (b) a draft copy of the closing statement for the sale of the Real Property, subject to the Trustee's review and comment, (c) a copy of the Note statement due after March 1, 2026, through the closing date for which Mr. Chu seeks repayment pursuant to the Stipulation, and (d) receipt of payment by Mr. Chu to Origin Bank towards the Note completed after March 1, 2026, through the closing date for which Mr. Chu seeks repayment pursuant to this Stipulation;

iii.    The proceeds of the sale after (a) payoff of the total outstanding balance to Origin Bank, (b) the repayment to Mr. Chu in an amount equal to any payments made by Mr. Chu to Origin Bank towards the Note from March 1, 2026, through the closing date, (c) payment of closing costs, and (d) attendant costs, shall constitute the "Net Sale Proceeds";

iv.     After closing, and prior to the disbursement of the Net Sale Proceeds, the title company shall remit to Mr. Chu 15 (fifteen) percent of the Net Sale Proceeds to be used for living and legal expenses (the remaining amount referred to as the "Balance of the Net Sale Proceeds");

4

v.      The Balance of the Net Sale Proceeds will be remitted directly into an interest-bearing account in the name of Tricolor Holdings, LLC, administered by the Trustee (the "Tricolor Account"), to be held pending the resolution of the Preliminary Injunction Motion as to the Real Property, or other court order. Mr. Chu makes no concession about whether the Trustee or the Debtors have any entitlement to those proceeds, and reserves all rights in that regard;

vi.     Upon closing and remittance of 15% of the Net Sale Proceeds to Mr. Chu, Mr. Chu and the Trustee release and hold harmless any buyer of the Real Property and release any claim to the Real Property itself. Any arguments, rights, or defenses that Mr. Chu and the Trustee have with respect to the Real Property are fully reserved, and shall attach to the Balance of the Net Sale Proceeds, including any accrued interest;

vii.    Origin Bank shall receive payment of the total outstanding balance under the Note prior to disbursement of the proceeds to any other party. The Trustee does not waive any right to bring equitable and legal claims against Origin Bank arising from or relating to the Real Property; and

viii.   The Stipulation is without prejudice to any party seeking any additional relief, including with respect to the Real Property, the Balance of the Net Sale Proceeds, or the Preliminary Injunction Motion upon further motion and notice in the Adversary Proceeding or the main bankruptcy case, as appropriate.

## ARGUMENT AND AUTHORITY

11.    Section 105(a) of the Bankruptcy Code provides that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). This broad grant of equitable authority empowers the Court to approve stipulations and agreed orders that are in the best interests of the estate, its creditors, and other parties in interest.

12.    Courts in this district have recognized the unique role of the Chapter 7 Trustee "in the bankruptcy process as an independent fiduciary, with a completely different perspective and interest in a bankruptcy estate than either a debtor or an individual creditor." *Reed v. Cooper (In re Cooper)*, 405 B.R. 801, 812 (Bankr. N.D. Tex. 2009). The Trustee is expected to exercise reasonable business judgment in administering the estate and making decisions that maximize

5

4905-5481-8199, v. 10

value for all stakeholders. The Trustee's support for the Stipulation reflects such an exercise of judgment.

13.     The Parties believe that the Stipulation is in the best interests of the estate, its creditors, and all parties in interest. The Stipulation permits the sale of the Real Property, which the Parties believe is in the best interest of both Mr. Chu and the estate, as it minimizes ongoing costs—including mortgage obligations to Origin Bank, real property taxes, insurance, and maintenance expenses—without prejudice to any Party's legal position as to the proceeds. A factual and legal dispute exists as to whether the Real Property, or the proceeds from a sale thereof, constitute property of the estate. The Stipulation appropriately reserves the rights of all Parties with respect to the underlying merits of the Trustee's potential claims, while allowing the Real Property to be monetized for the potential benefit of all stakeholders.

14.     By allowing the sale of the Real Property and depositing the Balance of the Net Sale Proceeds into the Tricolor Account administered by the Trustee, the Stipulation ensures that the value of the Real Property is preserved in a liquid, interest-bearing account for the benefit of all stakeholders pending resolution of the underlying disputes. The creditors' interests are better served by the preservation of value in this manner than by the continued holding of an illiquid asset that depreciates in value through ongoing carrying costs. Meanwhile, the Preliminary Injunction Motion and related discovery have been adjourned to at least May 11, 2026, and the Real Property continues to incur costs during this period.

15.     No Party or the estate is prejudiced by entry of the Stipulation. The Stipulation expressly provides that Mr. Chu makes no concession about whether the Real Property or its proceeds constitute property of the estate. All arguments, rights, and defenses of the Parties are fully reserved and attach to the Balance of the Net Sale Proceeds. The Stipulation is without

6

4905-5481-8199, v. 10

prejudice to any Party (or other creditor) seeking additional relief, and the Trustee's claims against Origin Bank are expressly preserved.

16.     The Stipulation is the result of arm's-length negotiations between Mr. Chu and the Trustee. The Parties are represented by separate, experienced counsel. The negotiations were conducted in good faith, and the Stipulation reflects a practical resolution that serves the interests of all stakeholders.

17.     The Trustee consents to entry of the Stipulation.

18.     Additionally, the sale of the Real Property is scheduled to close on March 23, 2026. If the sale does not close by that date, there is a substantial risk that the buyer will withdraw.

19.     In sum, the Stipulation is necessary and appropriate to carry out the provisions of the Bankruptcy Code. No estate claims are being decided, adjudicated, or settled. The Stipulation provides for the efficient disposition of the Real Property, preserves value for the estate and all Parties, and fully reserves all Parties' rights and legal positions as to the proceeds. Accordingly, Mr. Chu respectfully submits that the Stipulation should be approved and requests that the Court enter an order effectuating its terms.

## **CONCLUSION**

**WHEREFORE**, Mr. Chu respectfully requests that this Court enter an order approving the terms of the Stipulation, authorizing the Parties to take any and all actions necessary to effectuate the Stipulation, and granting the Parties such other and further relief as this Court may deem just and proper.

7

4905-5481-8199, v. 10

Respectfully submitted on the 18th day of March 2026.

**OKIN ADAMS BARTLETT CURRY LLP**

*/s/ James W. Bartlett, Jr.*
Matthew S. Okin (TX Bar No. 00784695)
James W. Bartlett, Jr. (TX Bar No. 00795238)
Edward A. Clarkson, III (TX Bar No. 24059118)
1113 Vine St., Suite 240
Houston, Texas 77002
Telephone: 713.228.4100
Facsimile: 346.247.7158
mokin@okinadams.com
jbartlett@okinadams.com
eclarkson@okinadams.com

*Counsel to Daniel Chu*

8

4905-5481-8199, v. 10

**CERTIFICATE OF CONFERENCE**

I hereby certify that on March 18, 2026, the undersigned counsel conferred with counsel for the Trustee, Julia Beskin and Yana Holden, regarding the relief requested in this Motion. The undersigned counsel certifies that the Trustee is unopposed to this Motion.

*/s/ James W. Bartlett, Jr.*
James W. Bartlett, Jr.

**CERTIFICATE OF SERVICE**

I do hereby certify that on March 18, 2026, a true and correct copy of the foregoing Motion was served via CM/ECF for the United States Bankruptcy Court for the Northern District of Texas on all parties authorized to receive electronic notice in this case.

*/s/ James W. Bartlett, Jr.*
James W. Bartlett, Jr.

4905-5481-8199, v. 10