**OKIN ADAMS BARTLETT CURRY LLP**
Matthew S. Okin (TX Bar No. 00784695)
James W. Bartlett, Jr. (TX Bar No. 00795238)
Edward A. Clarkson, III (TX Bar No. 24059118)
1113 Vine St., Suite 240
Houston, Texas 77002
Telephone: 713.228.4100
Facsimile: 346.247.7158
mokin@okinadams.com
jbartlett@okinadams.com
eclarkson@okinadams.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | Case No. 25-33487 (MVL) |
| Debtors. | (Jointly Administered) |
| ANNE ELIZABETH BURNS, as Chapter 7 Trustee for Tricolor Holdings, LLC, *et al.*, | |
| Plaintiff, | |
| v. | Adversary No. 25-03126 |
| Daniel Chu, Jerome Kollar, David Goodgame, and Ameryn Seibold, | |
| Defendants. | |

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

**DANIEL CHU'S MOTION FOR EXPEDITED CONSIDERATION OF THE
MOTION FOR ENTRY OF AN ORDER APPROVING THE STIPULATION
AND AGREED ORDER REGARDING THE SALE OF
CERTAIN REAL PROPERTY**

Daniel Chu ("Mr. Chu") files this *Motion for Expedited Consideration* (the "Motion to Expedite"), and respectfully states as follows:

**RELIEF REQUESTED**

1.      By this Motion, Mr. Chu seeks entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), shortening notice and scheduling an expedited setting on the *Daniel Chu's Motion for Entry of an Order Approving the Stipulation and Agreed Order Regarding the Sale of Certain Real Property* (the "Motion to Approve") to be held at the Court's earliest convenience.

2.      As described in the Motion to Approve, Mr. Chu and Anne Elizabeth Burns, as Chapter 7 Trustee (the "Trustee") for Tricolor Holdings, LLC, *et al.* (the "Debtors") (Mr. Chu and the Trustee, each, a "Party," and collectively, the "Parties") have negotiated a Stipulation and Agreed Order Regarding the Sale of Certain Real Property (the "Stipulation") that would permit Mr. Chu to sell the real property located at 1612 Gilcrest Drive, Beverly Hills, California 90210 (the "Real Property") to a bona fide third party for fair value.

3.      On January 8, 2026, the Trustee caused to be filed a notice of *lis pendens* (the "Lis Pendens") against the Real Property. On January 10, 2026, the Trustee filed the *Trustee's Emergency Motion for a Temporary Restraining Order and for a Preliminary Injunction Against Daniel Chu* [ECF No. 6] (the "Preliminary Injunction Motion"), seeking to restrain assets in Mr. Chu's name, including the Real Property. The Preliminary Injunction Motion and all related discovery have been adjourned until at least May 11, 2026.

2

4.     The Real Property is encumbered by a Promissory Note dated as of August 29, 2025, between Origin Bank and Chu Family Investments LLC (the "Note"), with an outstanding balance of $2,064,887 as of March 6, 2026. The Real Property continues to accrue costs, including mortgage obligations under the Note, real property taxes, and maintenance expenses.

5.     It is imperative that the Court consider the Motion to Approve on an expedited basis for the following reasons:

(a)     **March 23, 2026 is the current closing date**. The sale of the Real Property is scheduled to close on March 23, 2026. If the sale does not close by that date, there is a substantial risk that the buyer will withdraw.

(b)     **The Real Property is a depreciating asset.** The Real Property continues to incur significant carrying costs, including mortgage payments to Origin Bank, real property taxes, insurance, and maintenance expenses. Each day that the Real Property remains unsold, these costs erode the value potentially available to the estate and its stakeholders. The Lis Pendens filed by the Trustee encumbers the Real Property and impedes its marketability. Expedited consideration will allow the Parties to proceed with a sale and preserve value for the benefit of all stakeholders.

(c)     **Delay prejudices the estate.** Under the Stipulation, the Balance of the Net Sale Proceeds—after payoff of the Note, reimbursement of Mr. Chu's payments toward the Note, closing costs, attendant costs, and remittance of 15% to Mr. Chu—will be deposited into an interest-bearing account administered by the Trustee. Until the Motion to Approve is granted and the Real Property can be sold, these funds remain locked in an illiquid asset rather than preserved in a liquid account for the potential benefit of the estate.

4934-8309-7751, v. 9

(d)    **The Stipulation preserves all Parties' rights.** The Stipulation expressly provides that Mr. Chu makes no concession about whether the Real Property or its proceeds constitute property of the estate, and all arguments, rights, and defenses of the Parties are fully reserved and attach to the Balance of the Net Sale Proceeds. No Party is prejudiced by expedited approval; to the contrary, delay is the only source of prejudice.

6.    The Trustee consents to the Motion to Approve being heard on an expedited basis.

7.    Based on the foregoing, Mr. Chu believes that the circumstances require expedited consideration of the Motion to Approve.

WHEREFORE, Mr. Chu respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) granting this Motion to Expedite, (ii) shortening the notice period and setting a hearing on the Motion to Approve at the Court's earliest convenience, and (iii) granting such other relief as the Court deems appropriate under the circumstances.

Dated: March 18, 2026

Respectfully submitted,

**OKIN ADAMS BARTLETT CURRY LLP**

*/s/* James W. Bartlett, Jr.
Matthew S. Okin (TX Bar No. 00784695)
James W. Bartlett, Jr. (TX Bar No. 00795238)
Edward A. Clarkson, III (TX Bar No. 24059118)
1113 Vine St., Suite 240
Houston, Texas 77002
Telephone: 713.228.4100
Facsimile: 346.247.7158
mokin@okinadams.com
jbartlett@okinadams.com
eclarkson@okinadams.com

*Counsel to Daniel Chu*

4

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 18, 2026, the undersigned counsel conferred with counsel for the Trustee, Julia Beskin and Yana Holden, regarding the relief requested in this Motion to Expedite. The undersigned counsel certifies that the Trustee is unopposed to this Motion to Expedite.

*/s/ James W. Bartlett, Jr.*
James W. Bartlett, Jr.

## CERTIFICATE OF SERVICE

I do hereby certify that on March 18, 2026, a true and correct copy of the foregoing Motion to Expedite was served via CM/ECF for the United States Bankruptcy Court for the Northern District of Texas on all parties authorized to receive electronic notice in this case.

*/s/ James W. Bartlett, Jr.*
James W. Bartlett, Jr.

4934-8309-7751, v. 9