

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 23, 2026**

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | Case No. 25-33487 (MVL) |
| Debtors. | (Jointly Administered) |
| ANNE ELIZABETH BURNS, as Chapter 7 Trustee for Tricolor Holdings, LLC, *et al.*, | |
| Plaintiff, | |
| v. | Adversary No. 25-03126 |
| Daniel Chu, Jerome Kollar, David Goodgame, and Ameryn Seibold, | |
| Defendants. | |

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

### FIRST AMENDED STIPULATION AND AGREED
### ORDER REGARDING THE SALE OF CERTAIN REAL PROPERTY

Anne Elizabeth Burns, as Chapter 7 Trustee (the "Trustee") for Tricolor Holdings, LLC, *et al.* (the "Debtors") and Daniel Chu ("Mr. Chu," collectively with the Trustee, the "Parties," and each individually a "Party") hereby enter into this First Amended Stipulation and Agreed Order and agree as follows:

WHEREAS, on December 19, 2025, the Trustee filed her Complaint [ECF No. 1] in this adversary proceeding against Mr. Chu and others.

WHEREAS, on January 8, 2026, the Trustee caused to be filed a notice of *lis pendens* (the "Lis Pendens") in the action *Burns, as Chapter 7 Trustee for Tricolor Holdings, LLC, et al. v. Chu et al.*, 25ST CV38413 (Cal. Super. Ct.) against the Real Property (defined below).

WHEREAS, on January 10, 2026, the Trustee filed the *Trustee's Emergency Motion for a Temporary Restraining Order and for a Preliminary Injunction Against Daniel Chu* [ECF No. 6] (the "Preliminary Injunction Motion"), seeking to restrain assets in Mr. Chu's name, including the real property located at 1612 Gilcrest Drive, Beverly Hills, California 90210 (the "Real Property").

WHEREAS, on February 25, 2026, the Court entered the *Stipulation and Agreed Order Adjourning the Hearings and Related Matters on (A) the Trustee's Emergency Motion For a Temporary Restraining Order and Preliminary Injunction Against Daniel Chu, and (B) Motion For Protective Order With Respect To Defendant Daniel Chu's Discovery With Respect To Trustee's Preliminary Injunction Motion* [ECF 116], which adjourns the Preliminary Injunction Motion, the hearing for the Preliminary Injunction Motion, and all related discovery until at least May 11, 2026.

WHEREAS, a Promissory Note dated as of August 29, 2025, was entered into by and between Origin Bank and Chu Family Investments LLC, a Texas limited liability company

2

controlled by Mr. Chu (the "Note"), of which the outstanding balance is $2,162,712.35 as of March 20, 2026.

WHEREAS, the Parties desire for the Real Property to be sold to minimize ongoing costs, without prejudice to any Party's legal position.

**IT IS THEREFORE STIPULATED AND AGREED BY THE PARTIES AND ORDERED BY THE COURT THAT:**

1. Mr. Chu may sell the Real Property, so long as such sale is to a bona fide third party for fair value. In connection with such sale, the Trustee shall at closing deliver a release of the Lis Pendens to the title company closing the sale of the Real Property to be held in escrow by the title company pending disbursement of the sale proceeds.

2. Prior to closing, the Trustee will receive (a) a copy of the Note, (b) a draft copy of the closing statement for the sale of the Real Property, subject to the Trustee's review and comment, (c) a copy of the Note statement due after March 1, 2026, through the closing date for which Mr. Chu seeks repayment pursuant to the Stipulation, and (d) receipt of payment by Mr. Chu to Origin Bank towards the Note completed after March 1, 2026, through the closing date for which Mr. Chu seeks repayment pursuant to this Stipulation. At closing, the Trustee will receive a final copy of the closing statement of sale of the Real Property for her records.

3. The proceeds of the sale after (a) payoff of the total outstanding balance to Origin Bank, (b) the repayment to Mr. Chu in an amount equal to any payments made by Mr. Chu to Origin towards the Note from March 1, 2026, through the closing date, (c) payment of closing costs, and (c) attendant costs, shall be referred to herein as "Net Sale Proceeds."

4. After closing, and prior to the disbursement of the Net Sale Proceeds, the title company shall remit to Mr. Chu 15% (fifteen percent) of the Net Sale Proceeds to be used for

4927-3647-3753, v. 3

living and legal expenses.  The amount of the Net Sale Proceeds following such 15% (fifteen percent) remittance to Mr. Chu is referred to herein as the "Balance of the Net Sale Proceeds."

5.     The Balance of the Net Sale Proceeds will be remitted directly into an interest-bearing account in the name of Tricolor Holdings, LLC, administered by the Trustee (the "Tricolor Account").  The Trustee acknowledges and agrees that by consenting to have the Balance of the Net Sale Proceeds deposited into the Tricolor Account, Mr. Chu makes no concession about whether the Trustee or the Debtors have any entitlement to those proceeds, including whether they are estate property, and reserves all rights in that regard.  The Trustee shall hold the Balance of the Net Sale Proceeds and all accrued interest in the Tricolor Account pending the resolution of the Preliminary Injunction Motion as to the Real Property, or other court order.

6.     Upon closing of the sale of the Real Property and remittance to Mr. Chu of 15% (fifteen percent) of the Net Sale Proceeds as described herein, Mr. Chu and the Trustee release and hold harmless any buyer of the Real Property referenced in Paragraph 1 above, and release any claim to the Real Property itself.  Any arguments, rights, or defenses that Mr. Chu and the Trustee have with respect to the Real Property (including, for example, with respect to the Trustee's constructive trust claim or under state law) are fully reserved, and shall attach to the Balance of the Net Sale Proceeds of the sale of the Real Property, including any accrued interest.

7.     The Parties acknowledge and agree that Origin Bank shall receive payment of the total outstanding balance under the Note prior to disbursement of the proceeds to any other party. In entering into this stipulation, the Trustee does not waive any right to bring equitable and legal claims against Origin Bank arising from or relating to the Real Property, including a claim for fraudulent transfer. Likewise, this First Amended Stipulation and Agreed Order does not purport

4

to address Mr. Chu's liability for real property taxes or other secured obligations relative to the Real Property.

8.      Subject to the other terms of this First Amended Stipulation and Agreed Order, including the release and hold harmless clause set forth in Paragraph 6, this First Amended Stipulation and Agreed Order is without prejudice to any party seeking any additional relief, including with respect to the Real Property, the Balance of the Net Sale Proceeds, or the Preliminary Injunction Motion upon further motion and notice in this Adversary Proceeding or the main bankruptcy case, as appropriate.

###End of Order###

4927-3647-3753, v. 3

AGREED TO FORM AND SUBSTANCE:

Respectfully submitted,

**OKIN ADAMS BARTLETT CURRY LLP**

*/s/ James W. Bartlett, Jr.*
Matthew S. Okin (TX Bar No. 00784695)
James W. Bartlett, Jr. (TX Bar No. 00795238)
Edward A. Clarkson, III (TX Bar No. 24059118)
1113 Vine St., Suite 240
Houston, Texas 77002
Telephone: 713.228.4100
Facsimile: 346.247.7158
mokin@okinadams.com
jbartlett@okinadams.com
eclarkson@okinadams.com

*Counsel to Daniel Chu*

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Julia M. Beskin (with permission)*
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Tel:    (214) 295-8000
Fax:    (972) 232-3098
E-mail: crgibbs@mcdermottlaw.com
        mhelt@mcdermottlaw.com
        gwilliams@mcdermottlaw.com
-and-

Darren Azman (admitted *pro hac vice*)
Jared M. Gerber (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Tel:    (212) 547-5400
Fax:    (212) 547-5444
E-mail: dazman@mcdermottlaw.com
        jmgerber@mcdermottlaw.com

Julia M. Beskin (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Tel:    (212) 547-5400
Fax:    (212) 547-5444
E-mail: jbeskin@mcdermottlaw.com

*Counsel to the Chapter 7 Trustee*

6

4927-3647-3753, v. 3